IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN C. MADEMANN[1]  :
Administrator of the Estate of Judith A.  :
Haas  :
 :
             Plaintiff  :  CIVIL ACTION
 :
    vs.  :
 :  NO. 06-CV-3064
MICHAEL J. ASTRUE[2]  :
Commissioner of Social Security  :
 :
            Defendant  :

GOLDEN, J.                                                                                  FEBRUARY 9, 2008

## MEMORANDUM OPINION & ORDER

Before the Court is claimant's appeal from the Commissioner of Social Security's ("Commissioner") decision to deny benefits. After reviewing the record, the parties' briefs, and the magistrate judge's Report and Recommendation ("R&R"), the Court adopts the R&R and reverses the Commissioner's denial of benefits.

## PROCEDURAL HISTORY

Claimant filed applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") on February 26, 1997. The Commissioner denied her claims and she requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ concluded claimant

---

[1] Judith Haas, the claimant in this action, died on February 7, 2007. Claimant's counsel alerted the Court to her death on October 15, 2007. The Court then granted claimant's motion to substitute her estate as plaintiff on October 18, 2007. Accordingly, Susan C. Mademann, administrator of the estate, is the proper party at interest.

[2] Michael J. Astrue became the Commissioner of Social Security effective February 12, 2007. See Miles v. Astrue, 2007 WL 764037, at n.1 (E.D. Pa. Mar. 9, 2007). Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), he is "automatically substituted" for JoAnne B. Barnhart as the defendant in this action.

was not disabled on May 1, 2001, and the Appeals Council denied review of the decision on October 12, 2001. Claimant appealed to district court and the Honorable John R. Padova remanded the case for a *de novo* hearing due to numerous gaps in the original hearing transcription making meaningful review impossible. (R. 461).

The ALJ held a second hearing and issued a decision on January 20, 2004, again concluding claimant was not disabled. (R. 453-60). The Appeals Council denied claimant's request for review on June 7, 2006, making the ALJ's January 20, 2004 decision the final decision of the Commissioner. (R. 446-49). Claimant again appealed the Commissioner's decision to district court. Magistrate Judge L. Felipe Restrepo held a hearing on this matter and subsequently filed an R&R on August 24, 2007 that recommends reversing the decision and remanding the case to the Commissioner for the calculation of benefits. The Commissioner filed timely objections to the R&R.

## APPLICABLE LAW

An individual is disabled within the meaning of the Social Security Act if she suffers from an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Through an ALJ, the Social Security Commissioner ascertains disability by applying the following five-step process, determining whether the claimant: (1) is capable of substantial gainful activity; (2) has a severe, medically determinable physical impairment that can be

expected to last for at least twelve months; (3) has a listed medically severe impairment;[3] (4) has residual functional capacity ("RFC") sufficient to allow her to do his past relevant work; and (5) has the RFC, age, education, and work experience to do other work. See 20 C.F.R. § 404.1520.

Federal district courts have jurisdiction to review an ALJ's disability determination pursuant to 42 U.S.C. § 405(g).[4] The district court is bound by the ALJ's findings if substantial evidence in the record supports those findings. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Further, an ALJ's decision is not supported by substantial evidence if the ALJ fails to apply the proper standard or regulation. Id. at 434-35.

## DISCUSSION

The Commissioner objects to the R&R arguing there is conflicting evidence in the record as to claimant's spinal condition. He contends the case should be remanded for further fact-finding, and reversal is inappropriate. The Commissioner also argues the magistrate's R&R engages in fact-finding, which is prohibited in social security cases.

The Court, however, finds the magistrate judge confined his analysis to the facts already established in the record and did not engage in fact-finding. He analyzed the doctors' diagnoses and recommendations, discussed the deficiencies in the ALJ's opinion, and properly relied on the

---

[3] Impairments are "listed" in 20 C.F.R. Pt. 404 App. 1.

[4] Under the fourth sentence of 42 U.S.C. § 405(g): "The [district] court shall have the power to enter . . . a judgement affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing."

case law discussed *infra* in recommending reversal. Accordingly, the Commissioner's objection to the R&R because the magistrate judge engaged in fact-finding is without merit. Finally, while there is some evidence indicating the extent of claimant's spinal condition varied during the pendency of this claim, substantial evidence on the record as a whole supports the magistrate judge's ultimate conclusion that she was disabled.

The Third Circuit Court of Appeals discusses when it is appropriate for a district court to award benefits in Gilliland v. Heckler, 786 F.2d 178 (3d Cir. 1986). The Court holds a district court should award benefits "only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits." Id. at 184; Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984). Accordingly, "it is unreasonable for the court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would only result in further delays in the receipt of benefits." Id. at 185. These principles have been consistently reaffirmed by the Third Circuit. See e.g., Woody v. Sec'y of Health & Human Serv., 859 F.2d 1156, 1162-63 (3d Cir. 1998); Caffee v. Schweiker, 752 F.2d 63, 68 (3d Cir. 1985). This case presents precisely the situation in which reversal, and not remand, is appropriate.

Remand to an ALJ would simply provide another opportunity to review the same facts that have already been analyzed twice. The administrative record is fully developed with regard to claimant's spinal condition: she cannot testify, the ALJ cannot question her, and no meaningful fact-finding can be accomplished by further proceedings before an ALJ. Also, since claimant's death no new facts have become available regarding the treatment of her spinal

4

condition. The magistrate judge based his conclusions in the R&R on an analysis of the record and the claimant's medical history, which remains unchanged.

Further, even if there were new facts to be considered, remand is explicitly foreclosed by Gilliland. In situations such as claimant's, as quoted above, when further administrative proceedings would only further delay a claimant's receipt of benefits, the Third Circuit reasoned the ALJ should not be given another opportunity to consider even *new* evidence. Gilliland, 786 F.2d at 185 (emphasis added); see also Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989) ("In cases where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony.").

Finally, claimant has already had two hearings before an ALJ and two appeals to the Appeals Council within the Social Security Administration. The R&R discusses the substantial evidence that exists to support a finding of disability, and remand for a third hearing is unnecessary. See Schonewolf v. Callahan, 972 F.Supp. 277, 290 (D.N.J. July 11, 1997) (holding same). Claimant is thus entitled to benefits based on substantial evidence in the factual record supporting her claim of disability.

A. Substantial evidence indicates claimant is disabled

As discussed in the R&R, substantial evidence exists in the record as a whole to indicate claimant was disabled and incapable of working. Claimant's treating physician imposed a limitation of sitting for no more than 15 minutes at a time for no more than two hours per day,

and suggested claimant alternate sitting and standing to relieve pain or discomfort. Id. The vocational expert ("VE") described this frequent change in position as "a jack-in-the-box movement", and testified that claimant would be unemployable if these restrictions were consistent with claimant's testimony. (R. 614). In addition, the state agency consulting physician imposed a six-hour limitation on plaintiff's ability to sit. (R. 268-69). Again the VE testified that claimant would be precluded from engaging in full-time employment if the ALJ accepted this restriction. (R. 616).

The ALJ erred in dismissing the treating physician's sitting limitation as "unexplained,"[5] and failing to include the state agency consulting physician's limitation in the Residual Functional Capacity ("RFC"). (R. 457-58). There is sufficient evidence in the record to adopt the limitations imposed by claimant's treating physician and the state agency consulting physician, which, according to the VE's testimony, would make claimant unemployable.

The R&R provides an excellent analysis of claimant's spinal condition and the treating physician's assessment of her sitting capacity. (R&R 9-17). It also provides a thorough discussion of the ALJ's unsupported dismissal of the sitting limitations and lack of substantial evidence to support her conclusions. (R&R 16-17). It states:

> The ALJ's decision provides no explanation for why she discounted both the sitting limitation recommended by Dr. Weng [the state agency consulting physician] - no more than six hours per day - and the two sitting limitations recommended by Dr. Williams [claimant's treating physician] in 2000 and 2003. This lack of explanation is

---

[5] As stated in Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), "[a] cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgement based on a continuing observation of the patient's condition over a prolonged period of time.'" (internal citations omitted).

> particularly significant because Dr. Williams treated plaintiff's degenerative disc disease from the moment it was diagnosed in 1999 through the time of the second hearing in 2003. The ALJ described Dr. Williams' limitation as "unexplained," but then pointed to no medical evidence in the record that contradicted Dr. Williams' opinion.

(R&R at 16). Further, the R&R goes into great detail discussing the claimant's subjective complaints of back pain including her inability to sit through the hearing comfortably. (R&R 18-21). After a review of the facts in the record, the Court agrees with the magistrate judge in finding that "medical evidence establishes that plaintiff [had] a disabling spinal condition that precluded her from engaging in full-time employment." (R&R 33).

### B. Timing

The Commissioner argues the excessive delay in adjudicating claimant's application should have no effect on the Court's decision, and the magistrate judge's recommendation that "the case should be reversed for benefits based on delay is without basis." (Def.'s Br. 7). The Commissioner cites Fitzgerald v. Apfel, 148 F.3d 232, 235 (3d Cir. 1998), to support his position that "absent a finding that claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." Id. (citing Bush v. Shalala, 94 F.3d 40, 46 (2d Cir. 1996)). However, the circumstance that has led this Court to reverse the decision of the ALJ is not affected by the 10 years it has taken for claimant's case to be resolved. This Court agrees with the magistrate judge's finding of substantial evidence indicating claimant was disabled and entitled to benefits. Accordingly, the Commissioner's objection that timing may not affect the magistrate judge's decision is irrelevant because substantial evidence establishes claimant was disabled.

Thus, the Court's finding of substantial evidence to establish claimant's disability requires reversal of the Commissioner's denial of benefits in accordance with the fourth sentence of 42 U.S.C. § 405(g).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN C. MADEMANN,
Administrator of the Estate of Judith A.
Haas

                Plaintiff    :   CIVIL ACTION

      vs.

                           :   NO. 06-CV-3064
MICHAEL J. ASTRUE
Commissioner of Social Security

               Defendant

## ORDER

AND NOW, this 8th day of February, 2008, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review and Defendant Commissioner's Response thereto, and after review of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED; and

2. The final decision of the Commissioner of Social Security is REVERSED and the case is REMANDED to the Commissioner for the calculation of benefits.

BY THE COURT:

_____
THOMAS M. GOLDEN, J.